Case 2:18-cv-00247 Document 44 Filed on 05/13/19 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
May 13, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BARRY EMMETT II, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-247 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Barry Emmett, II is a Texas inmate appearing *pro se*. He has paid the $400.00 filing fee. His prisoner civil rights action is subject to screening pursuant to the 28 U.S.C. § 1915(e)(2). For purposes of screening, the undersigned recommends that Plaintiff's action be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) for the reasons set forth below.

### I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

### II. PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in

Beeville, Texas. Plaintiff filed his original complaint on August 22, 2018, and the TDCJ was docketed as the sole defendant. (D.E. 1). Plaintiff's original complaint, however, was not prepared on a proper § 1983 prisoner's civil rights complaint form.

Plaintiff is a three-strikes litigant[1] who was repeatedly notified about paying the full filing fee in this case. On November 23, 2018, the undersigned issued a Supplemental Memorandum and Recommendation (SM&R), recommending that this case be dismissed based on Plaintiff's failure to comply with Court orders to pay the filing fee or to file other appropriate documents. (D.E. 18). On March 12, 2019, Plaintiff submitted the $400.00 filing fee.

On March 19, 2019, the undersigned vacated the SM&R and noted that Plaintiff's original complaint had not been prepared on a proper § 1983 prisoner's civil rights complaint form. (D.E. 29, p. 1). The undersigned then directed the Clerk of the Court to provide Plaintiff with the §1983 form complaint and ordered Plaintiff to comply with the instructions contained on the form, complete each portion of the form, and attach any additional pages to the completed form if necessary, to state the factual basis for his claims. (D.E. 29, p. 2). Plaintiff was warned that failure to comply with the instructions contained in the March 19, 2019 Order could result in the dismissal of Plaintiff's action for want of prosecution and for failure to comply with court orders. (D.E. 29, p. 2).

---

[1] Plaintiff is not eligible to proceed as a pauper because he falls within the three strikes provision of 28 U.S.C. 1915(g) unless he can demonstrate imminent danger. *See Emmett v. A.D.S. Director*, Case No. H-18-1227 (S.D. Tex. June 28, 2018) (Order) (Finding Plaintiff was subject to the three strikes bar and dismissing 1983 action because Plaintiff failed to pay the filing fee after being given an extension of time). *See also Emmett v. TDCJ*, Case No. H-17-3655 (S.D. Tex. Jan. 11, 2018) (Order) (Dismissing § 1983 action because Plaintiff was subject to the three strikes bar).

While filing several hundreds of pages with the Court immediately following March 19, 2019 Order, Plaintiff failed to comply with the Court's Order and file an amended complaint. (D.E. 34, 35, 36, 37, 39, 40). In an Order entered on April 11, 2019, the undersigned repeated the instructions provided in the March 19, 2019 Order and directed Plaintiff to file his amended complaint on or before April 25, 2019.

On April 17, 2019, Plaintiff filed his Amended Complaint. (D.E. 42). Plaintiff indicated that there were too many defendants to list but that all parties were listed in a "six apge [sic] altered and redone, amendded [sic] complaint" that was mailed to the Court on March 25, 2019. (D.E. 42, p. 3). Plaintiff alleges that there are deadly levels of arsenic and mercury in the unit's water supply and that it is, therefore, not safe to drink the water. (D.E. 42, p. 4). He further alleges that prison official Janet D. Salles has illegally altered envelopes in order to block Plaintiff's complaints with respect to water poisoning claim. Plaintiff asserts in a conclusory fashion claims under the First Amendment, the Eighth Amendment, the Americans with Disabilities Act (ADA), and the Religious Land Use and Institutionalized Persons Act (RLUIPA). (D.E. 42, p. 4). Plaintiff indicates that his relief requested was made in the purported amended complaint mailed to the Court on March 25, 2019. (D.E. 42, p. 4).

### III. LEGAL STANDARD

Even though Plaintiff has paid the $400 filing fee, the Court shall evaluate his complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §

1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed.  *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

Plaintiff alleges in his amended complaint that deadly levels of arsenic and mercury are present in the prison's water supply.  He further alleges that a prison official named Janet D. Salles illegally altered envelopes in order to block Plaintiff's complaints with respect to his water poisoning claim.  Plaintiff's allegations suggest that he and other inmates were targets of intentional poisoning through high arsenic and mercury levels and that Ms. Salles was a part of the scheme to thwart Plaintiff from bringing the poisoning issues before the Court.  Other than Ms. Salles, however, Plaintiff fails to identify any individual defendant in his Amended Complaint.  He references the fact that he listed numerous defendants in another amended complaint filed on March 25, 2019.  That amended complaint, however, is not part of the record.

More importantly, throughout his amended complaint and various letters submitted to the Court, Plaintiff offers allegations that are baseless, irrational, and wholly

incredible. In letters filed on March 25 and 26, 2019, Plaintiff reiterates without any factual support that he has toxic levels of arsenic inside his body. (D.E. 34, p. 1; D.E. 35, p. 1). He also offers irrational and baseless allegations in these letters that TDCJ is intentionally poisoning inmates by tampering with brown bags of coffee purchased from the commissary. (D.E. 34, p. 1).[2] Plaintiff includes as exhibits several articles on topics such as the correlation between the mind and the body (D.E. 36, pp. 5-12), how to flush toxins from the body naturally (D.E. 36, pp. 13-18), analysis of criminology and mind state (D.E. 36, pp. 19-28), causation of mental disorders (D.E. 36, pp. 29-33), understanding neurological development (D.E. 36, pp. 35-48), understanding the grieving process (D.E. 36-2, pp. 7-15); how to utilize nutrition as a medical application (D.E. 36-2, pp 17-27); and super nutrition for women (D.E. 36-2, pp 41-50).

Plaintiff fails to present any specific facts or a logical and coherent set of allegations to support his delusional and incredible claims of poisoning by prison officials through the unit's water supply or coffee bags. The Court, therefore, is not bound to accept Plaintiff's allegations as true. *See Denton v. Hernandez,* 504 U.S. 25, 33 (1992) (explaining that allegations must be accepted as true, unless they are clearly irrational, baseless, or wholly incredible). Accordingly, the undersigned respectfully recommends that Plaintiff's case be dismissed as frivolous. *See Henry v. Kerr County, Texas*, No. SA-16-CV-284, 2016 WL 2344231 *3 (W.D. Tex.—San Antonio, May 2, 2016) (explaining that "[a] court may dismiss a claim as factually frivolous only if the facts alleged are

---

[2] In addition to his allegations of arsenic and mercury poisoning, Plaintiff wrote in his original complaint that he had been subjected to gassing through the ventilation system as well as receiving "'boxes' emiting [sic] signals" to impede his thought processes. (D.E. 1, pp. 2, 14).

clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible") (citing *Denton*, 504 U.S. at 32-33).

## V. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's case be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

ORDERED this 13th day of May 2019.

                                          Jason B. Libby
                                 United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).